Judge Underwood
delivered the opinion of the court.
In January 1822, Collins sold to Fitzpatrick forty-five acres of land, more or less, and executed a bond, binding himself to make the title on or before the 1st of March, 1-82&. Fitzpatrick paid one hundred dollars in hand, and executed three notes for-$50 each, making in all two hundred and fifty dollars, as the purchase money for the land. It seems that Sarah Lane recovered possession of the land,, by ac. *68 lion ofejoc-.ment;af:ci which Collin?, who had bought,' from Sehree. rescinded the contract with Sobren, and received from hi-o the purchase money paid. Thus Collins was left without the shadow of a title. Collins however proceeded by warrants, and obtained judgments upon the notes he held on Fitzpatrick, who-enjoined their collection, alleging in his bill, that Collins was insolvent, and that he had rescinded the contract with Sehree. The bill alleges, that Sarah Lane had elected to take compensation for the land in its unimproved state; and prays, that Fitzpatrick might be permitted to pay her, in order to secure ttie title, and for general relief. The circuit court having fixed on the sum of two hundred and three dollars as the amount whieh Fitzpatrick paid to Lane, to secure the title, added that to the one hundred dollars paid Collins, and subtracted two hundred and fifty dollars from the amount, whichjshowed an expenditure, by Fitzpatrick, of fifty-three dollars more than he was- bound to give for the land, according to the contract with Collins, decreed that Collins should pay said fifty-three dollars, and likewise perpetually enjoined his judgments.
An oilioial return »■ nulla Iona, h prima facie evidence of insolvency.
A sells land to B and takes his note1- for the purchase money; after-wards f. rescinds his contract with C from whom he had purchased the land, and becomes himself insolvent ; after this, D reeov' ers a judgment in ejectment for the land, and elects to take compensation for the land in its unim- ' proved state, «he chancellor will sustain B in paying to D so much as to se-ewe in himself the title, and will enjoinpro tanto the notes given by B to A.
*68 Collins answered the bill, admitting most of the. facts charged, lie stales, that the land recovered by Lane had been valued to fifty-one dollars and seventy-five cents, and expresses a willingness that Fitzpatrick might pay her that sum, to secure her paramount title. He insists, however, that Fitzpatrick has no right to delay the collection of the money due, because he was not bound to make a title until all the purchase money was paid, and by that time he would be able to make it.
He denied that he was insolvent. But the fact was established prima facie by - record evidence, to wit: an official return of nulla bona. The answer alleged, that the execution had been subsequently discharged, and offered to prove it by the exhibition of a receipt; but it was never done.
Under the foregoing circumstances, we think it was proper to sustain Fitzpatrick in the payment of the money made to Lane, to secute the title. But as Collins m ide the improvements upon the land, he was equitably entitled to their value. The contro *69 versy between Collins and Fitzpatrick would, there-iore, have been correctly settled, by deducting the amount paid to Lane for the land, valued in its unimproved state, from the two hundred mid fifty dollars, which Fitzpatrick agreed to give for the land with the improvements thereon. This seems to have been the principle by which the court intended to be gov-, erned; and, if there be no error in the data assumed, the decree is correct. But we are of opinion that the court erred, in assuming two hundred and three dollars as the sum paid by Fitzpatrick to Lane. That is the consideration stated in the deed from Lane. But the supplemental hill of Fitzpatrick, verified by his own oath before. O. G. Waggoner, on the 17th Dec. 1825, states the sum paid to Lane, as due by Collins, at one hundred and thirty-eight dollars in specie, equivalent to one hundred and thirty -eight dollars in notes on the Bank of the Commonwealth. There is probably some mistake in the amount put down for the specie. But say that Fitzpatrick paid one hundred and thirty-eight dollars, add it to the one hundred dollars paid in hand, and twenty dollars subsequently paid, according to the statements in the original bill, and the Whole amount paid will only be two hundred and fifty-eight dollars, leaving an excess of eight dollars only above the two hundred and fifty dollars which he agreed to pay for the land with its improvements, without regard to interest, and yet the court have directed Collins to refund fifty-three dollars. The oath of Fitzpatrick should have governed, in preference to the mere statement of the consideration in the deed. The case has been badly prepared; but enough appears, to show ihat an error has been committed to the prejudice of Collins.
Triplett, for plaintiff; Morehe.atL for defendant,
Wherefore, the decree is reversed with costs, and the cause remanded for further proceedings not incon sistent with this opinion.